IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHNETTE CASAREZ,

    Plaintiff,

v.                                        C.A. No.:   1:23-cv-1401

JP FIFTY-TWO, LLC,
and HO JUN SIN,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHNETTE CASAREZ (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendant, JP FIFTY-TWO, LLC, and HO JUN SIN (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## SUMMARY

1. Defendants operated a card-room enterprise in Austin, Texas. Defendants failed to pay JOHNETTE CASAREZ the appropriate overtime wages in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.*

## INTRODUCTION

2. This is an action by Plaintiff her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

## JURISDICTION

3. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants has offices Travis County, Texas.

## THE PARTIES

5. Plaintiff, JOHNETTE CASAREZ, is an individual residing in Travis County, Texas.

6. Plaintiff, JOHNETTE CASAREZ, was employed by Defendants from January 11, 2022, to approximately August 17, 2022, as a Human Resources Clerk at the rate of $2,000.00 bi-monthly salary.

7. Defendant, JP FIFTY-TWO, LLC, is a limited liability company formed and existing under the laws of the State of Texas and maintains its main office in Travis County, Texas.

8. HO JUN SIN, is an individual residing in Austin, Texas.

9. Defendant, HO JUN SIN, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, JP FIFTY-TWO, LLC, in relationship to Plaintiff. By virtue of these activities, Defendants are joint

employers as defined by 29 U.S.C. § 203(d).

10. Defendant, HO JUN SIN, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Defendant, HO JUN SIN, personally supervised Plaintiff and determined her rate of pay and job duties. Defendant, HO JUN SIN, was directly responsible for the handling and approval of payroll for Defendant, JP FIFTY-TWO, LLC. Therefore, Defendant HO JUN SIN is a statutory employer under the FLSA.

## COMMON FACTS

11. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff was employed.

12. At all times material, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. Throughout Plaintiff's employment, Defendant, JP FIFTY-TWO, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. Throughout Plaintiff's employment with Defendants, Plaintiff utilized, handled and otherwise worked on computers, computer software and other office equipment, all of which have been moved in or produced for interstate commerce by

persons outside the state of Texas.

15. Throughout Plaintiff's employment with Defendants, Defendants were the employers of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for their employment.

16. Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff utilized interstate mails and telephone calls as a regular and recurring part of her job duties while employed by Defendants.

17. Plaintiff, 1) occupied the position of "Human Resources Clerk;" 2) did not hold a position considered as exempt under the FLSA; 3) was paid on a salary basis; and, 4) did not receive the appropriate overtime pay for all hours worked over 40 in a week.

18. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

19. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**
## **(OVERTIME)**

20. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

21. Plaintiff was not paid overtime despite the fact that she did not hold a position that would be considered exempt under the FLSA. Plaintiff had zero decision-making authority, did not make recommendations on hiring and firing of employees, did not supervise anyone, did not run a department. Plaintiff would prepare payroll spreadsheets for Defendants and present it to Defendant, HO JUN SIN, for approval and/or modification.

22. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks. Plaintiff worked an estimated 65-70 hours in workweek of her employment with Defendants.

23. Defendants' policy of not properly paying overtime is company-wide and was willful.

24. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act

diligently with regard to their obligations as employers under the FLSA.

25. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

WHEREFORE, Plaintiff, JOHNETTE CASAREZ, demands Judgment against Defendants, jointly and severally, for the following:

   a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

   c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

   d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, JOHNETTE CASAREZ, demands a jury trial on all issues so triable.

Respectfully submitted this November 15, 2023.

                **ROSS • SCALISE LAW GROUP**
                1104 San Antonio Street
                Austin, Texas 78701
                (512) 474-7677 Telephone
                (512) 474-5306 Facsimile
                Charles@rosslawpc.com

                _/s/ Charles L. Scalise_
                _____
                **CHARLES L. SCALISE**
                Texas Bar No. 24064621